UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-289-GWU

JOANN SPENCER, PLAINTIFF,

VS. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Counsel for the plaintiff has filed a motion for an award of attorney's fees under 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), seeking $150.00 per hour for 29.20 hours of work on the successful appeal. The defendant primarily contends than an hourly rate exceeding $125.00 per hour is unwarranted.[1]

## APPLICABLE LAW

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed." 28 U.S.C. § 2412(d)(2). There is a statutory cap of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap. Kerin v. U.S. Postal Service, 218 F.3d 185 (2d Cir. 2000). Additionally, cost of living and

---

[1] Although the defendant refers to an "excessive" number of hours being requested in the fee petition, no specific examples are ever cited, and the total number of hours requested does not appear to be unusual for this type of case.

"special factors" may justify increasing the rate above the cap. 28 U.S.C. § 2412(d)(2).

Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). In making this determination, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district. London v. Halter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001). Nevertheless, the community or geographic area concept is fluid--the Sixth Circuit Court of Appeals has also discussed "prevailing market rates" as involving the metropolitan area in which another Social Security appeal was brought. Chipman v. Secretary of Health and Human Services, 781 F.2d 545, 547 (6th Cir. 1986). In addition, the Supreme Court has noted that the existence of the statutory cap (currently $125.00) on EAJA fees suggests that Congress thought this amount sufficient reimbursement for lawyers' fees, even if it should happen that "market rates" for all lawyers in the nation were higher. Pierce v. Underwood, 487 U.S. 552, 572 (1988), citing 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved,

justifies a higher fee.") (emphasis added).[2] The burden is on the plaintiff to provide evidence that the rates he requests are in line with appropriate community rates. Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases. Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992). Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute. Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). However, this term has been fairly narrowly interpreted by the Supreme Court. Pierce v. Underwood, 108 S.Ct. 2541, 2544 (1988) (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation). Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a

---

[2] At the time of Pierce, the cap was $75.00. 487 U.S. at 555.

practice specialty on the level which might justify fee enhancement. Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

**DISCUSSION**

All of the documentation submitted by counsel for the plaintiff in support of the proposition that a rate of $150.00 is appropriate has previously been considered and rejected by this court. Statistics showing that the cost of living has increased since the passage of EAJA is inadequate, because it does not demonstrate an increase in the "prevailing market rate." Whisman v. Astrue, Lexington Civil Action No. 07-122-GWU (December 10, 2008); Cole v. Astrue, Lexington Civil Action No. 09-185-KSF (February 24, 2010). An affidavit from attorney Alvin D. Wax, asserting that his most recent EAJA awards have exceeded $125.00 per hour, is accompanied by attachments reflecting an award in the Western District of Kentucky and one in the Frankfort Division of the Eastern District, which is premised on special circumstances present in that action. Watts v. Social Security Administration, Frankfort Civil Action No. 02-34-JMH (E.D. Ky. January 24, 2003). Consequently, as the court found in Combs v. Astrue, Lexington Civil Action No. 08-385-GWU (E.D. Ky. December 9, 2009), the materials submitted are unpersuasive concerning prevailing Eastern District rates.

Therefore, the court being sufficiently advised,

IT IS HEREBY ORDERED that the Motion for Payment of Attorney Fee, Docket Entry No. 20, is GRANTED in part and DENIED in part; counsel for the plaintiff is awarded $3,650.00 (29.20 hours x $125.00 per hour) in EAJA fees.

This the 29th day of July, 2010.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**