UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JOANN SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 5:09-cv-289-JMH |
| | ) | |
| CAROLYN W. COLVIN, ACTING | ) | **MEMORANDUM OPINION & ORDER** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*

This matter is before the Court on Plaintiff's counsel's motion for an attorney's fee pursuant to 42 U.S.C. § 406(b)(1). [D.E. 24]. The Commissioner has responded [D.E. 26], and the time has passed for Plaintiff's reply. Thus, this motion is now ripe for review. For the reasons which follow, the motion for attorney's fees under § 406(b)(1) will be denied. [D.E. 24].

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Initially, Plaintiff was represented by Stephen Neal Calvert at the administrative level in her social security disability claim. When Plaintiff received an unfavorable decision, she appealed to the United States District Court for the Eastern District of Kentucky with Mr. Wolodymyr Cybriwsky as her attorney. [D.E. 1]. After Mr. Cybriwsky

filed a motion for summary judgment on Plaintiff's behalf [D.E. 16], the Commissioner moved to remand under Sentence Four of 42 U.S.C. § 405(g). [D.E. 17]. The Court granted the Commissioner's motion for remand [D.E. 18], after which Mr. Cybriwsky appropriately filed a motion for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1996) ("EAJA"). [D.E. 20]. Judge Unthank granted Mr. Cybriwsky $3,650.00 in EAJA fees in July 2010. [D.E. 23].

Meanwhile, from what this Court has been able to surmise from Mr. Cybriwsky's time sheets [D.E. 24-1 at 7—10], Mr. Calvert continued to represent Plaintiff at the administrative level after the remand. [D.E. 24-1 at 9]. An ALJ denied Plaintiff's claim again on February 24, 2011, but the Appeals Council remanded her case to a new ALJ on July 20, 2012. [D.E. 24-1 at 10]. Ultimately, Plaintiff received a favorable decision awarding disability benefits on May 7, 2013. [D.E. 24-1 at 10]. In accordance with 42 U.S.C. § 406(a), when the Social Security Administration awarded Plaintiff $6,258.00 in past due benefits, it remitted $1,476.50 of this amount to Mr. Calvert. [D.E. 26 at 1; D.E. 26-1]. According to Mr. Cybriwsky's records, he maintained brief contact with Mr. Calvert during this time period while Plaintiff's claim was on remand, but did

not do any substantive legal work at the administrative
level.[1]

Soon after Plaintiff was awarded disability benefits,
Mr. Cybriwsky filed a motion in this Court seeking
attorney's fees in the amount of twenty-five percent of
Plaintiff's past due benefits under § 406(b)(1). [D.E.
24]. Mr. Cybriwsky argues that he is entitled to recover
$12,000, which, without any supporting documentation, he
claims represents twenty-five percent of Plaintiff's past
due benefits. [D.E. 24-1 at 1]. Along with his motion,
Mr. Cybriwsky filed the contingency fee agreement between
himself and Plaintiff, in which Plaintiff agreed to pay Mr.
Cybriwsky as follows:

> [A] sum equal to either twenty-five (25) percent of
> past-due benefits awarded to me and my family in the
> event the case is won or renumerate (sic) him for his
> time expended at the rate of no less than $200.00 per
> billable hour for administrative level work and a
> base of $325.00 per billable hour in federal appeals.

[D.E. 24-3]. Mr. Cybriwsky does not acknowledge the fact
that a portion of Plaintiff's past due benefits was already
remitted to Mr. Calvert.

---

[1] According to Mr. Cybriwsky's time sheets, his only
involvement in Plaintiff's case after the Court granted the
remand was to read each decision from either the ALJ or the
Appeals Council as it was decided, briefly correspond with
Mr. Calvert about those decisions, and draft his motions
requesting EAJA fees and § 406(b) fees.

## II. ANALYSIS

Generally, § 406(b)(1) "provides for award of attorney's fees in judicial proceedings where the outcome is favorable to the claimant." *Rose v. Astrue*, No. Civ.A. 05-254-GWU, 2008 WL 269055, at *1 (E.D. Ky. Jan. 30, 2008). Under the statute, "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .." § 406(b)(1). Conversely, under § 406(a)(1), if a case is resolved at the administrative level, the Secretary of the Social Security Administration is entitled to award "a reasonable fee to compensate a successful claimant's attorney." *Horenstein v. Sec'y of Health & Hum. Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (internal alterations omitted).

Further, under EAJA, "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrect v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting § 2412(d)(1)(A)). Although an attorney may petition the court for payment of both EAJA fees and § 406(b)(1) fees,

"the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (internal quotation marks, citations, and alterations omitted).

In this particular case, Mr. Cybriwsky has already been awarded $3,650.00 in attorney's fees under EAJA. [D.E. 23]. Because achieving a Sentence Four remand under 42 U.S.C. § 405(g) qualifies as prevailing against the United States in court, this award, based on the standard hourly rate of $125.00 for 29.20 hours of work, was justifiable.

However, Mr. Cybriwsky's request to receive attorney's fees under § 406(b)(1) suffers a different fate. Although a fee agreement was executed between Plaintiff and Mr. Cybriwsky promising Mr. Cybriwsky twenty-five percent of her past due benefits if awarded, "under the special circumstances of court authorization of fees in social security cases, a court is not bound to award recovery according to the stated agreement." *Rodriquez v. Bowen*, 865, F.2d 739, 746 (6th Cir. 1989) (citing *Bailey v. Heckler*, 777 F.2d 1167 (6th Cir. 1985) (fee agreement is not binding and district court may award less if reasons are articulated)). Specifically, deductions can be made when there is either improper conduct or ineffectiveness of counsel, or when counsel would otherwise enjoy a windfall

because of either an inordinately large benefit award or from minimal effort expended." *Id.*

In this case, given that Mr. Cybriwsky has already been awarded $3650.00 in EAJA fees for his work in this Court, and given the minimal work he conducted in Plaintiff's case, Mr. Cybriwsky would indeed enjoy a windfall if he is now awarded twenty-five percent of Plaintiff's past due benefits, which, upon this Court's calculation, would be $1,564.50.[2] Further, to the extent that Mr. Cybriwsky seeks to recover for his consultations with Mr. Calvert logged into his timesheet while Plaintiff's claim was pending at the administrative level, the Court notes that it is prohibited from awarding fees under § 406(b)(1) for work done at the administrative level, as this is within the purview of the Commissioner. *Horenstein*, 35 F.3d at 262 (holding that "each tribunal may award fees only for the work done before it.").

---

[2] Mr. Cybriwsky claims that he is entitled to recover $12,000, which he argues represents twenty-five percent of Plaintiff's past due benefits. However, Mr. Cybriwsky does not provide any documentation to support this figure. Contrarily, the Commissioner produced the letter submitted to Plaintiff on April 15, 2013, which clearly states that her past due benefits totaled $6,258.00. [D.E. 26-1]. Thus, the Court rejects Mr. Cybriwsky's claim that he is entitled to $12,000, a number which would have placed Plaintiff's past due benefits amount around $48,000.

Even if the Court *were* to award twenty-five percent of Plaintiff's past due benefits to Mr. Cybriwsky, it would make no practical difference in the instant case.   Because $1,564.50 is less than the $3650.00 EAJA award, Mr. Cybriwsky would be forced to return $1,564.50 to Plaintiff immediately upon receipt.   *Gisbrect*, 535 U.S. at 796 (citing Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186) (holding that while fee awards may be made under § 406(b)(1) and EAJA, "the claimant's attorney 'must refun[d] to the claimant the amount of the smaller fee.'").

It is also acknowledged that there is adverse case law in this district that would allow the payment of § 406(b)(1) fees to Mr. Cybriwsky even though he already received a sizable sum in EAJA fees, and even though Mr. Calvert has already been awarded a significant fee award from the Secretary.   For example, in *Whisman v. Astrue*, No. 07-122-GWU, 2008 WL 5173466, at 3 (E.D. Ky. Dec. 10, 2008), a court in this district chose to award twenty-five percent of past due benefits to Mr. Cybriwsky, who represented the plaintiff at the federal court level.   The court reasoned that the "plaintiff chose to employ different attorneys at the administrative and federal court levels, and entered into contingency fee agreements with both." *Id.*   Thus, the court concluded that "a person may have as many lawyers

7

working on his case as he wishes, so long as he is willing to pay them," and awarded § 406(b)(1) fees to Mr. Cybriwsky. *Id.* (citing *Oroshinik v. Schweiker*, 569 F. Supp. 399, 400 (D. N.J. 1983)).

With all due respect for my late colleague, this Court does not agree with this approach. Mr. Cybriwsky has already been the recipient of $3650.00 in EAJA fees. This has more than compensated him for the hours that he has spent on this case, and he would receive a windfall if he were awarded any more than this amount.

**III. CONCLUSION**

Accordingly, **IT IS ORDERED** that Plaintiff's motion for fees under § 406(b)(1) is **DENIED**.

This, the 22nd day of July, 2013.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge